# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAUL JOSEPH PAVALONE ,** : | **CIVIL ACTION NO. 1:11-CV-1444** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **LACKAWANNA COUNTY PRISON,** : *et al.*, : | |
| **Defendants** : | |

## MEMORANDUM

Paul Joseph Pavalone ("plaintiff"), an inmate incarcerated at the Lackawanna County Prison, Scranton, Pennsylvania, commenced this civil rights action on August 5, 2011, naming the following defendants: Lackawanna County Prison ("LCP"); Correctional Care Inc.; Aramark Incorporated; and County of Lackawanna. (Doc. 1.) Plaintiff moves to proceed in forma pauperis. (Docs. 2, 6.) Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). However, plaintiff will be afforded the opportunity to file an amended complaint.

### I. Allegations of the Complaint

Plaintiff has been incarcerated at LCP since February 25, 2011. (Doc. 1, at 2.) He alleges that since his incarceration, defendants have engaged in the following conduct: denied him access to the prison law library and rehabilitative and counseling programs; deprived him of food; denied him telephone and visitation privileges; interfered with his mail; denied him adequate medical care; subjected

him to unsanitary conditions; and retaliated against him for filing civil and criminal actions. (Doc. 1.) He seeks injunctive and monetary relief.

## II. Standard of Review

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949. The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Iqbal, --- U.S. ----, 129 S.Ct. at 1949. Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d

Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Twombly, 550 U.S. 544). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, ---U.S. ----, 129 S.Ct. at 1949 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. See Iqbal, 129 S.Ct. at 1949–50; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1948.

The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949–50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has

3

> a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234–35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' "Iqbal, [129 S.Ct. at 1949–50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210–211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir.2000).

## III. Discussion

In order to prevail on a civil rights claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d

Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F. Supp. 2d 361, 372 (M.D. Pa. 2001).[1]

Also, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." . Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir.1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08. Individual liability may be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode, *supra*. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. Rode, 845 F.2d at 1208.

Because a prison or correctional facility is not a "person" within the meaning of § 1983, the complaint against LCP will be dismissed. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Phippen v. Nish, 223 F. App'x. 191, 192 (3d Cir. 2007).

With respect to the County of Lackawanna under Monell v. New York City Dep't of Soc. Servs, 436 U.S. 658 (1978) municipalities and other local government

---

[1] The Court of Appeals for the Third Circuit requires our Iqbal analysis to include, as an initial step, delineating the elements of plaintiff's claim. Santiago v. Warminster Tp., 629 F.3d 121 (3d Cir. 2010).

units are among those persons to whom Section 1983 applies. However, county governments can be sued directly under § 1983 only when the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the county's officers or, where the constitutional deprivations occurred pursuant to governmental custom. <u>Monell</u>, 436 U.S. at 690. Because plaintiff fails to allege that any of the unconstitutional activity was pursuant to a county policy, ordinance, regulation or decision, officially adopted and promulgated by the county, the County of Lackawanna will be dismissed. <u>See, e.g.</u>, <u>Natale v. Camden County Corr. Facility</u>, 318 F.3d 575, 583-84 (3d Cir. 2003).

>As concerns Correctional Care, Inc., it is well-settled that:
>
>A private health care provider acting under color of state law, . . . , can be liable under § 1983 for Eighth Amendment violations stemming from inadequate medical treatment of prisoners. Such liability cannot rest on *respondeat superior* alone, however, but instead must be based on some policy, practice, or custom within the institution that caused the injury. . . .
>
>For the purposes of § 1983 analysis, a policy is made when a decision-maker with final authority to establish such a policy issues an official proclamation, policy or edict. A custom, on the other hand, "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." As a result, custom can be established' by "proof of knowledge and acquiescence." Under the <u>Estelle</u> test, deliberate indifference can be shown in the instant case if there is an established policy or custom that caused [the prison health care provider] to intentionally deny or delay access to necessary medical treatment for non-medical reasons, or if officials intentionally interfered with a course of treatment once prescribed.

Johnson v. Stempler, No. 00-711, 2007 WL 984454, at *4 (E.D. Pa. Mar. 27, 2007) (internal citations omitted). Plaintiff makes no such allegations and appears to sue Correctional Care, Inc., solely as the entity responsible for providing health care. Therefore, the claim against Correctional Care, Inc must be dismissed. See Riddick v. Modeny, 250 Fed. App'x. 482, 483-84 (3d Cir.2007) (affirming district court's granting of private health care provider's motion to dismiss under Rule 12(b)(6), where court found "absent any allegation from which the court could infer Prison Health Services's direct involvement in the alleged deprivation of his constitutional rights, it was not liable on a theory of *respondeat superior*." ).

Plaintiff also names Aramark Incorporated as a defendant. This claim fails on two prongs. First, it is unclear whether Aramark Incorporated is a state actor. Second, plaintiff fails to allege how Aramark Incorporated was personally involved in any unconstitutional conduct. Consequently, this defendant will also be dismissed.

**IV.    Leave to Amend**

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson, 293 F.3d at 108. The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The United States Supreme Court, however, has stated that leave to amend under Rule 15 may be denied in cases of (1) undue delay;

(2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. See Foman, 371 U.S. at 182; see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust"); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15).  Plaintiff has not alleged sufficient facts to proceed past *sua sponte* screening, and his complaint must be dismissed for failure to state a claim upon which relief may be granted.  However, because it is conceivable that plaintiff could amend his complaint to overcome the deficiencies noted herein, he will be granted leave to move to reopen the case to proceed on an amended complaint.  Any such motion must be accompanied by a proposed amended complaint.

**V.    Conclusion**

Based on the foregoing, plaintiff's complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order accompanies this Memorandum.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        August 26, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL JOSEPH PAVALONE ,** | : | **CIVIL ACTION NO. 1:11-CV-1444** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **LACKAWANNA COUNTY PRISON,** et al., | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 26th day of August, 2011, upon consideration of plaintiff's complaint (Doc. 1), it is hereby ORDERED that:

1. Plaintiff's motions to proceed without full prepayment of the filing fee (Docs. 2, 6) are granted, and the complaint is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. The Clerk of Court is directed to CLOSE this case.

3. If plaintiff can correct the deficiencies of his complaint, he may FILE a motion to reopen on or before September 16, 2011. The motion shall be accompanied by a proposed amended complaint, which must carry the same civil docket number (1:11-CV-1444) presently assigned to this matter and shall be direct, concise, and shall stand alone without reference to any other document filed in this matter. See FED. R. CIV. P. 8(e).

4.  Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).[2]

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

[2] The Court notes that " '[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' . . . The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257–58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted). In this case, if Plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen.